UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER,<br>CDCR No. K-19763,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>C-YARD SERGEANT BANULOS,<br><br>　　　　　　　　　Defendant. | Case No.  23-cv-2278-BAS-MMP<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS** |

　　　Claudie Tyler is the plaintiff in this action and is proceeding without an attorney (representing oneself in litigation is called proceeding "pro se").  Mr. Tyler is currently housed at the Richard J. Donovan Correctional Facility located in San Diego, California, and has filed a civil rights action, which states a claim under 42 United States Code ("U.S.C.") Section 1983.  (*See* ECF No. 1.)  This is a civil case.  To file a civil case in federal court, any plaintiff such as Mr. Tyler must pay a civil filing fee, which is required by 28 U.S.C. Section 1914(a).  In the event the plaintiff does not have the money or resources to pay that fee, the plaintiff may file a Motion to Proceed *In Forma Pauperis*, which may allow his case to proceed without the upfront payment of the filing fee.

　　　In this case, Mr. Tyler has not paid the civil filing fee and he has not filed a Motion to Proceed *In Forma Pauperis*.

## I. Failure to Pay Filing Fee or to Request *In Forma Pauperis* Status

Any person filing a civil case such as this one must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). [1] The case may go forward without the plaintiff paying the entire filing fee, though, if the court grants him permission to proceed "*in forma pauperis*"—which means as a person without the money or resources to pay the filing fee.

The statute that sets out the rules for this is 28 U.S.C. Section 1915(a). Section 1915(a)(2) requires all persons who want to pursue a case without paying the filing fee to file a document called an affidavit. That affidavit must include a statement of all assets, or things of value, the plaintiff possesses and must demonstrate the plaintiff's inability to pay the filing fee. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). This helps the court to evaluate the plaintiff's ability to pay the filing fee.

Plaintiffs who are imprisoned at the time they file their civil case must submit another document as well, called a "trust fund account statement." The Prison Litigation Reform Act requires imprisoned plaintiffs to submit this "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Plaintiff submitted this affidavit on December 29, 2023. (ECF No. 4.)

Plaintiff has not paid the $405 in filing and administrative fees required to begin this civil action. He also has not submitted a properly supported Motion to Proceed *In Forma Pauperis*. He also has not submitted the required affidavit stating what assets he possesses to show his inability to pay the filing fee for this case. *See Escobedo*, 787 F.3d at 1234. Therefore, his case cannot go forward. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at

---

[1] In addition to the $350 statutory fee, civil plaintiffs must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

1051.[2]

## II.     Conclusion and Order

Accordingly, the Court:

(1)     **DISMISSES** this civil case without prejudice[3] because Mr. Tyler has not paid the $405 civil filing and administrative fee and has not submitted a Motion to Proceed *In Forma Pauperis* required by 28 U.S.C. Sections 1914(a) and 1915(a); and

(2)     **GRANTS** Plaintiff forty-five (45) days' leave from the date this Order is filed to either: (a) pay the entire $405 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed *In Forma Pauperis* with the required supporting affidavit. *See* 28 U.S.C. § 1915(a)(1); S.D. Cal. Civ. L.R. 3.2(a).  Forty-five (45) days from today is **Monday, February 26, 2024**.

The Clerk of the Court is **DIRECTED** to provide Mr. Tyler with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  Mr. Tyler is **cautioned** that if he chooses to proceed by either paying the full $405 civil filing fee, or submitting a properly supported Motion to Proceed *In Forma Pauperis*, his Complaint will be screened before service on any defendant and may be dismissed by the Court under 28 U.S.C. Section 1915A(b) and/or 28 U.S.C. Section 1915(e)(2)(B), regardless of whether Mr. Tyler pays the full $405 filing fee at once, or is granted *in forma pauperis* status and is obligated to pay the full filing fee in installments.

---

[2] Mr. Tyler is cautioned that the Prison Litigation Reform Act requires that all prisoners who proceed *in forma pauperis* must eventually pay the entire filing fee but may do so in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), and regardless of whether their action is ultimately dismissed (meaning, regardless of whether they win their case).  *See* 28 U.S.C. § 1915(b)(2) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

[3] By dismissing this action without prejudice, the Court has given Mr. Tyler the chance to fix either his lack of payment of the filing fee or his failure to file a Motion to Proceed *In Forma Pauperis*.  If he does not do either of these things, his case will remain closed, and he will not be able to continue his case.

*See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to [on its own initiative] dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

        IT IS SO ORDERED.

DATED: January 10, 2024

Hon. Cynthia Bashant
United States District Judge