UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER, CDCR #K-19763,<br><br>         Plaintiff,<br><br>vs.<br><br>C-YARD SGT BANULOS,<br><br>         Defendants. | Case No.:  23-cv-02278-BAS-MMP<br><br>**ORDER DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b) (ECF No. 1)** |

Plaintiff Claudie Tyler ("Plaintiff" or "Tyler"), proceeding pro se, is currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* "Compl," ECF No. 1.) Plaintiff has paid the initial civil filing fee required by 28 U.S.C. § 1914(a). (ECF No. 6.)

**28 U.S.C. § 1915A(b) SCREENING**

**A. Standard of Review**

The Court must conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A(a) "mandates early review— 'before docketing [ ] or [ ] as soon as practicable after

docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016), *as amended on reh'g* (Apr. 15, 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who sue a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

"On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

**B.     Plaintiff's Factual Allegations**

Plaintiff's Complaint contains factual allegations that are difficult to discern. On August 15, 2023, Plaintiff alleges that he was working as a porter on the RJD C-yard when he noticed that Correctional Officer Rios "was in pain." (Compl. at 3.) Plaintiff claims that he knew Rios "was in pain [because] he [slept] the wrong way and had a crick in his neck." (*Id.*) Plaintiff approached Rios and told him to "relax" while he put his hands on Rios to "crack[] his neck." (*Id.*) Rios "went to the desk and started sorting mail" while Plaintiff "kept doing his [] porter duties." (*Id.*) A sergeant and another correctional officer "came from the program office and put [Plaintiff] in handcuffs." (*Id.*) Plaintiff was placed in administrative segregation because of his interaction and claims another correctional officer took a video of the incident and posted it to social media. (*See id.*) Plaintiff alleges he was "put in the hole for helping someone." (*See id.* at 4.)

Plaintiff seeks $25,000,000 in compensatory damages and $25,000,000 in punitive damages. (*See id.* at 7.)

C. Discussion

**1. Due Process Claims**

To the best the Court can determine, it appears that Plaintiff is claiming that his due process rights were violated when he apparently was charged with a disciplinary violation because of his interaction with Correctional Officer Rios. The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1-Citizens. "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000), quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

However, the Complaint does not contain facts which plausibly allege Plaintiff was denied due process. "Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003), citing *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974). A federally protected liberty interest arises where a sentence is exceeded in "an unexpected manner" or where an inmate is subject to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). When a protected liberty interest arises, due process requires prisoners be provided: (1) 24-hour advanced written notice of the charges, (2) a written statement from the factfinder identifying the evidence relied on and the reasons for the action taken, (3) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," (4) assistance at the hearing if he is illiterate or the matter is complex, and (5) a "sufficiently impartial" factfinder. *Wolff*, 418 U.S. at 564–71.

Plaintiff's Complaint is far from clear, but he appears to challenge his disciplinary hearing by claiming he was trying to "help someone" and therefore, no charges should have

been brought against him. (*See* Compl. at 6.) As currently drafted, the Complaint does not plausibly allege a protected liberty interest was at stake in the disciplinary proceedings as necessary to give rise to the *Wolff* procedural protections because Plaintiff fails to identify any "atypical and significant" hardships imposed on him.

For these reasons, the Court finds that Plaintiff has failed to state a Fourteenth Amendment due process claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

**2. Personal Causation**

Plaintiff names Sergeant Banulos as the sole named Defendant but he does not allege any specific factual allegations as to this Defendant in the body of the Complaint. Plaintiff references an unnamed sergeant in the factual allegations, but he fails to make clear whether this sergeant is Defendant Banulos.

To state a claim under 42 U.S.C. § 1983 against this Defendant, Plaintiff must allege facts sufficient to show that this Defendant individually participated in causing a constitutional violation. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009) (rejecting argument that "a supervisor's mere knowledge of his subordinate's [unconstitutional actions] amounts to the supervisor's violating the Constitution.") "A supervisory official may be held liable under § 1983 only 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018), quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quotation marks omitted).

Plaintiff must set forth factual allegations identifying individual acts or omissions by each person related to his claims which resulted in a constitutional violation. *See Leer*

*v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") He has failed to do so as to Defendant Banulos.

Accordingly, the Court *sua sponte* dismisses the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A.

## CONCLUSION

For the reasons set forth above, the Court:

1) **DISMISSES** Plaintiff's Complaint *sua sponte* and with leave to amend in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

2) **GRANTS** Plaintiff **forty-five (45) days** from the date of this Order in which to file a First Amended Complaint curing the deficiencies of pleading noted in this Order. Forty-five days from today is **Monday, March 25, 2024**.[1] Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in this First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity

---

[1] Forty-five days from this day falls on a Saturday, so the deadline instead falls on the next court day: Monday, March 25, 2024.

to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

**DATED: February 7, 2024**

Hon. Cynthia Bashant
United States District Judge